**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| BMO HARRIS BANK N.A., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:16-cv-00826-SRB |
| JASMIN & JAMEER ENTERPRISES, ) | |
| LLC, et. al, ) | |
| ) | |
| DEFENDANTS. ) | |

### **DEFAULT JUDGMENT**

Defendants Jasmin & Jameer Enterprises, LLC and Jas & Jam, LLC ("Borrowers"), and Defendants Syed Asif and Clara Asif (together, with Borrowers, "Defendants"), have failed to plead or otherwise defend in this action. Default against Defendants has previously been entered.

Under Fed. R. Civ. P. 8(b)(6), Defendants, for their failure to deny or otherwise respond to the allegations in Plaintiff's Complaint for Breach of Promissory Note and Guaranties, are deemed to have admitted all the facts contained therein - other than facts relating to the amount of damages. As a result, the Court finds as follows:

1. Borrowers have failed to make payments due upon the maturity of the Note (as defined in the Complaint) and the Note is in default.

2. Defendant Syed Asif, under the terms of the Syed Guaranty (as defined in the Complaint), is liable for all of Borrower's indebtedness to Plaintiff and has failed to pay Plaintiff the amounts due.

3. Defendant Clara Asif, under the terms of the Clara Guaranty (as defined in the Complaint), is liable for all of Borrower's indebtedness to Plaintiff and has failed to pay Plaintiff the amounts due.

4. Plaintiff has submitted testimony by affidavit as to the amounts owed by Borrowers under the Note and by Defendants Syed Asif and Clara Asif under their respective Guaranties.

5. Plaintiff's counsel has submitted testimony by affidavit as to the amount of fees and expenses incurred to collect the amounts owed by Borrowers and by Defendants Syed Asif and Clara Asif, which amounts are chargeable to the Defendants under the terms of the Note and the Guaranties.

6. Upon review of the admitted facts, the Court finds it has subject-matter jurisdiction over this dispute and personal jurisdiction over the Defendants.

WHEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that default judgment is entered in favor of Plaintiff and against Borrowers, jointly and severally on Count I, for breach of the Note, in the amount of **$932,465.68** as of September 23, 2016, with interest accruing at the rate of $221.60 per diem to the date of this judgment, additional post-judgment interest according to the law from the date of this judgment, and attorneys' fees and costs until the entire amount is paid.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that default judgment is entered in favor of Plaintiff and against Defendant Syed Asif on Count II, for breach of the Syed Guaranty, in the amount of **$932,465.68** as of September 23, 2016, with interest accruing at the rate of $221.60 per diem to the date of this judgment, additional post-judgment interest according to the law from the date of this judgment, and attorneys' fees and costs until the entire amount is paid.

AND IT IS FURTHER ORDERED, ADJUDGED, and DECREED that default judgment is entered in favor of Plaintiff and against Defendant Clara Asif on Count III, for breach of the

Clara Guaranty, in the amount of **$932,465.68** as of September 23, 2016, with interest accruing at the rate of $221.60 per diem to the date of this judgment, additional post-judgment interest according to the law from the date of this judgment, and attorneys' fees and costs until the entire amount is paid.

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: September 30, 2016